Mark S. Hoffman (108400)
mark@markshoffmanlaw.com
Erika L. Mansky (228199)
erika@markshoffmanlaw.com
Mark S. Hoffman, a Professional Corporation
11845 W. Olympic Blvd., Ste. 1000
Los Angeles, CA 90064
Telephone: (424) 248-6633
Facsimile: (424) 248-6677

Attorneys for Plaintiff, Linn Lowes

Joni L. Noggle (310994)
jnoggle@goodwinlaw.com
GOODWIN PROCTER LLP
Three Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

Attorneys for Defendant, Fitplan, Inc. (USA)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LINN LOWES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FITPLAN, INC. (USA), a Delaware corporation f/k/a Fitplan Technologies, Inc. (USA),<br><br>　　　　Defendant. | Case No. 2:21-cv-02592-CAS-MAAx<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

In accordance with the Stipulation of Settlement, for Entry of Judgment and for Temporary Stay of Execution ("Stipulation") jointly filed by Plaintiff, LINN LOWES ("Plaintiff" or "Lowes"), and Defendant, FITPLAN, INC. (USA) ("Defendant" or "Fitplan"):

1. Plaintiff shall recover from Defendant the amount of $746,814.00, less amounts paid to Plaintiff pursuant to the payment schedule set forth in paragraph 3 of the Stipulation, plus post-judgment interest at the rate of 10% per annum.

2. Defendant is hereby permanently enjoined from:

    (a) displaying, disseminating, broadcasting, publishing, distributing, exploiting, promoting, marketing, or otherwise using any fitness training video or program which features Lowes ("Existing Training Programs"); and

    (b) displaying, disseminating, broadcasting, publishing, distributing, exploiting, promoting, marketing, or otherwise using Lowes' name (including variations and derivations of the same), nickname, initials, autograph, voice, video or film portrayals, facsimile signature, photograph, trade name, likeness, image or facsimile image, or any other materials or indicia which relate to or identify Lowes; and

    (c) selling, licensing, assigning, transferring, or otherwise disposing of any of the Existing Training Programs or any rights therein, to any person or entity, without the prior written consent of Lowes in her sole discretion.

3. The permanent injunction above is being granted because the parties

have stipulated that it is proper and that Plaintiff is entitled to such relief.

4. In accordance with the Stipulation, there shall be a temporary stay of execution and enforcement on this Judgment until the earlier of (i) November 1, 2021 and (ii) the date an Event of Default (as defined in the Stipulation) occurs, except that this temporary stay shall not apply to paragraph 2(c) of this Judgment.

[*Remainder of Page Intentionally Left Blank*]

5. If no Event of Default (as defined in the Stipulation) occurs prior to November 1, 2021, then this action will be dismissed with prejudice; provided, however, that any such dismissal shall not affect the continued validity or enforceability of this Judgment and the permanent injunctive relief granted herein.

IT IS SO ORDERED BY THE COURT,

Dated: May 17, 2021

*Christine A. Snyde*
United States District Court Judge